NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 9 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | No.   20-55766 |
| Plaintiff-Appellee, | D.C. No.<br>8:19-cv-01333-JVS-KES |
| v. | |
| ELEGANT SOLUTIONS, INC., DBA Federal Direct Group, a corporation; TREND CAPITAL LTD., DBA Mission Hill Federal, a corporation; DARK ISLAND INDUSTRIES, INC., a corporation; HERITAGE ASSET MANAGEMENT, INC., DBA National Secure Processing, a corporation; TRIBUNE MANAGEMENT, INC., DBA The Student Loan Group, a corporation; MAZEN RADWAN, individually; as an officer of Elegant Solution, Inc. Trend Capital Ltd., Dark Island Industries, Inc. Heritage Asset Management, Inc. and Tribune Management, Inc.; RIMA RADWAN, individually; as an officer of Elegant Solutions, Inc., Trend Capital Ltd., Dark Island Industries, Inc., Heritage Asset Management, Inc., and Tribune Management, Inc.; DEAN ROBBINS, individually; as an officer of Elegant Solutions, Inc., Trend Capital Ltd., Dark Island Industries, Inc., Heritage Asset Management, Inc., and Tribune Management, Inc; LABIBA VELAZQUEZ, | MEMORANDUM* |

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Officer of Elegant Solutions, Inc and Trend Capital Ltd.,

Defendants-Appellants,

_____

THOMAS W. MCNAMARA,

Receiver.

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted December 9, 2021
Pasadena, California

Before: BERZON and BEA, Circuit Judges, and BENNETT,[**] District Judge.

Appellants, five corporations and four individuals (collectively, "Elegant Solutions"), appeal the district court's grant of summary judgment to the Federal Trade Commission ("FTC"). We affirm in all respects but one: the injunction should be modified to remove the provision allowing any leftover money in the judgment fund to be deposited to the U.S. Treasury as disgorgement, as this order exceeds the authority granted by Section 19 of the Federal Trade Commission Act

_____

[**]     The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

("FTC Act").[1]

1.     The district court properly granted summary judgment to FTC on all three counts of the FTC's complaint.

The undisputed facts showed that Elegant Solutions made material misrepresentations that were likely to deceive consumers, in violation of section 5 of the FTC Act and the FTC's Telemarketing Sales Rule ("TSR"). *See* 15 U.S.C. § 45(a)(1); 16 C.F.R. § 310.3(a)(2)(x). As the district court found, Elegant Solutions made false, material representations regarding enrollment in repayment plans and payments towards loans. Elegant Solutions also misrepresented that it would assume responsibility for servicing consumers' loans.

The service agreements Elegant Solutions' customers signed did not cure the misleading impressions made by Elegant Solutions' telemarketers. The agreements failed to disclose that Elegant Solutions would not actually make payments to lenders, and the customers did not sign the agreements until after they had agreed to enroll in Elegant Solutions' program. Elegant Solutions may not blame third-party payment processors for the failure to make payments. Even after it stopped using third-party processors, it collected monthly fees from some customers without making any payments on their loans and decided on an ad hoc basis

---

[1] Because the parties are familiar with the facts of the case, we do not recite them except to the extent necessary to aid in understanding this disposition.

whether and how much to pay lenders.

The undisputed facts also showed that Elegant Solutions collected advance fees for debt relief in violation of the TSR. *See* 16 C.F.R. § 310.4(a)(5). The district court found, and Elegant Solutions does not dispute, that its trust account did not meet the TSR's requirements for an escrow account. Elegant Solutions does not cite any authority indicating that "substantial compliance" satisfies the TSR.

2.     The district court properly concluded that the five corporate defendants operated as a common enterprise. *See FTC v. Grant Connect, LLC*, 763 F.3d 1094, 1105 (9th Cir. 2014); *FTC v. Network Servs. Depot, Inc.*, 617 F.3d 1127, 1142–43 (9th Cir. 2010). The five companies were owned and controlled by the same three individual defendants and shared some employees. Heritage Asset Management, Inc. ("Heritage"), and Tribune Management, Inc. ("Tribune"), operated out of the same building. Elegant Solutions, Inc. ("Elegant"), Trend Capital, Ltd. ("Trend"), and Dark Island Industries, Inc. ("Dark Island"), also shared a building. Trend paid Dark Island's rent, and Dark Island, a classic car company, contracted with a third party to process student loan payments. The corporate defendants commingled funds.

Elegant Solutions cites no authority for the assertion that a common enterprise cannot exist between active and defunct companies. The FTC showed

4

that the individual defendants "rebranded" Heritage and Tribune by transferring their customers and staff to new corporations, Elegant and Trend, controlled by the same people and engaging in the same business. The evidence was sufficient to establish a common enterprise.

3.  The district court properly held the individual defendants liable for monetary and injunctive relief. Individual liability for injunctive relief under the FTC Act requires that: (1) "the corporation committed misrepresentations of a kind usually relied on by a reasonably prudent person and resulted in consumer injury," and (2) "individuals participated directly in the violations or had authority to control the entities." *Grant Connect*, 763 F.3d at 1101. Monetary relief further requires that the individual had knowledge of the corporation's fraudulent conduct and consumer injury. *Id.*

The undisputed facts showed that Rima Radwan, Mazen Radwan, and Dean Robbins owned the five defendant companies and had authority to control them. They knew several states had brought enforcement actions against Heritage, Tribune, and their predecessor companies based on similar violations of consumer protection laws. They also were aware of customer complaints, including many complaints that customers did not realize they were paying fees, thought the money they paid was applied to their loan repayment, and believed their "loan managers" lied to them.

5

Labiba Radwan held herself out as director of operations for the debt relief companies and made decisions about how much money to pay to lenders. She also worked closely with Rima Radwan, was aware of customer complaints, and passed along at least one complaint to Rima Radwan. The evidence showed she was sufficiently involved in and aware of the fraudulent scheme to establish her liability. *See id.*

4.      The district court properly granted injunctive relief under section 13(b) of the FTC Act. 15 U.S.C. § 53(b).

First, Ninth Circuit precedent establishes that section 13(b) of the FTC Act authorizes the FTC to seek, and the district court to grant, permanent injunctions in cases in which the FTC does not contemplate any administrative proceedings. *FTC v. H. N. Singer, Inc.*, 668 F.2d 1107, 1111 (9th Cir. 1982). The Supreme Court's recent decision in *AMG Capital Management, LLC v. FTC*, 141 S. Ct. 1341 (2021), which held that *monetary* relief is not available under section 13(b), does not undermine *Singer*'s holding. *Id.* at 1347–38.

Second, the district court did not abuse its discretion in concluding that a permanent injunction was necessary to prevent "a reasonable likelihood of future violations of the FTC Act and TSR." As the district court found, the "uncontroverted facts illustrate a pattern of Defendants['] corporate repackaging and rebranding of the same fraudulent scheme," illustrating a "cognizable danger

6

of recurrent violation." *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953).

5.     The district court properly granted monetary relief under section 19 of the FTC Act. 15 U.S.C. § 57b.

First, although *AMG* held that monetary relief is not available under section 13(b) of the FTC Act, 141 S. Ct. at 1347, section 19 of the Act separately and specifically authorizes the FTC to seek monetary relief to address violations of certain rules, including the TSR, 15 U.S.C. § 57b(a)(1), (b).

Second, the district court properly awarded monetary relief based on a calculation of consumer loss, as opposed to a calculation of net unlawful profits. *See FTC v. Figgie Int'l, Inc.*, 994 F.2d 595, 606–07 (9th Cir. 1993) (per curiam). Section 19 expressly authorizes "the refund of money" to remedy a violation of a rule such as the TSR, 15 U.S.C. § 57b(b), unlike the securities statute at issue in *Liu v. Securities and Exchange Commission*, 140 S. Ct. 1936, 1940 (2020).

Section 19 does not, however, authorize "disgorgement" that "exceed[s] redress to consumers." *Figgie*, 994 F.2d at 607. The district court must therefore modify its injunction to remove the sentence providing that "[a]ny money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement."

6.     The district court did not abuse its discretion in making several procedural and evidentiary rulings.

The district court did not abuse its discretion in denying Elegant Solutions'

7

motion for additional discovery under Federal Rule of Civil Procedure 56(d). The district court permissibly found that Elegant Solutions was not diligent in conducting discovery because it did not file any discovery motions and declined to image the servers held by the court-appointed receiver when given the opportunity to do so.

The district court did not abuse its discretion in overruling Elegant Solutions' objections to several of the FTC's declarations. Connor Geiran did not provide an expert opinion but instead summarized business records he had personally reviewed. *See United States v. Aubrey*, 800 F.3d 1115, 1129–30 (9th Cir. 2015). Elegant Solutions made no cognizable evidentiary objection to Rufus Jenkins's declaration but instead disagreed with Jenkins's method of analysis. The district court did not err by considering Emilie Saunders's declaration for the purpose of ruling on a motion for summary judgment because it was based on her personal observation of Elegant Solutions' business records. Fed. R. Evid. 803(6); Fed. R. Civ. P. 56(c)(4). Scott Lause was not an expert witness and his declaration was not hearsay, because he offered fact testimony based on his personal knowledge of an investigation conducted under his supervision.

Finally, the district court did not abuse its discretion in granting the FTC's motion to strike a late-filed declaration by Defendant Dean Robbins. Elegant Solutions failed to file a motion under Federal Rule of Civil Procedure 6(b), *see*

*Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, 654 F.3d 958, 966 (9th Cir. 2011), and the district court found that Elegant Solutions had shown a "pattern of disregarding deadlines." Additionally, any error was harmless because Robbins reprised his primary criticism of the Jenkins declaration—that Jenkins should have calculated consumer injury using bank statements, not profit-and-loss statements—in a supplemental declaration that the district court accepted.

**AFFIRMED in part; REVERSED in part; and REMANDED.**